JUSTICE RICE,
dissenting.
¶34 I respectfully dissent from the Court’s decision and would reverse on Issues One and Three.
¶35 Under Issue Three, I disagree that the District Court did not abuse its discretion when it omitted Appellee’s business bank account from its findings of marital assets. This Court has previously held that, as a general rule, if the parties present evidence regarding the existence of a marital asset and the district court fails to make findings regarding the asset, the district court has abused its discretion. In re Marriage of Larson, 200 Mont. 134, 139, 649 P.2d 1351, 1354 (1982). In Larson, the district court failed to include a checking account balance, certain shares of stock, and a wheat crop in its findings. Larson, 200 Mont. at 138-39, 649 P.2d at 1353-54. Respondent argued the court properly excluded these items from its findings because the values of the items either fluctuated widely or were essentially worthless. Larson, 200 Mont. at 139,649 P.2d at 1354. The Court held that, regardless of any dispute in valuation, the court must disclose its reasoning for not including certain items so that this Court does not have to succumb to speculation. Larson, 200 Mont. at 139, 649 P.2d at 1354.
¶36 Similarly, we have held that a district court’s failure to include a $1,900 check in its findings prevented us from determining whether the court equitably distributed the property. In re Marriage of Scott, 246 Mont. 10, 20-21, 803 P.2d 620, 626 (1990). In Scott, the record reflected testimony regarding the check, but the court’s findings did not explain why it was not ultimately included in the parties’ liabilities. Scott, 246 Mont. at 20-21, 803 P.2d at 626.
*320 ¶37 Here, the District Court specified that the marital estate would be valued as of the date the petition was filed. Appellee listed a business account containing $32,000 on her Declaration of Disclosure, and later testified that this balance existed as of the date she filed her petition. Yet, the court makes no mention of this account in its findings. In its order, the court distributed the estate and then required Appellant to provide Appellee with an additional $25,000 in order to “equalize the distribution.” However, this equalization was ordered without consideration of the $32,000 business balance that would have been credited to Appellee.
¶38 The District Court’s failure to enter a finding regarding Appellee’s business and account for the asset is contrary to our case law. This Court can only speculate as to why the District Court did not make note of this account. Thus, this Court, without any analysis, sets forth the parties’ arguments, a few related facts, and then makes a blanket statement that the court did not abuse its discretion. However, as we have stated, “[t]his Court cannot uphold the District Court’s judgment as within the realm of its broad discretion if we have no inkling of its thought processes.” Larson, 200 Mont. at 139, 649 P.2d at 1354. Therefore, I would reverse on Issue Three and remand for the District Court to make sufficient findings as to the inclusion or exclusion of Appellee’s business assets.
¶39 Under Issue One, I would hold that the District Court failed to properly apply the requirements of § 40-4-202(1), MCA. The distribution of a marital estate is controlled by § 40-4-202(1), MCA, which provides:
In dividing property acquired prior to the marriage; property acquired by gift, bequest, devise or descent; property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent; the increased value of property acquired prior to marriage; and property acquired by a spouse after a decree of legal separation, the court shall consider those contributions of the other spouse to the marriage, including:
(a) the nonmonetary contribution of a homemaker;
(b) the extent to which such contributions have facilitated the maintenance of this property; and
(c) whether or not the property division serves as an alternative to maintenance arrangements.
We have frequently held that the proper application of this section is to award the non-acquiring spouse “an equitable share of only the *321 appreciated or preserved value of the inherited property which is attributable to his or her efforts.” Stoneman v. Drollinger, 2000 MT 274, ¶ 18, 302 Mont. 107, ¶ 18, 14 P.3d 12, ¶ 18; see also In re Marriage of Herron, 186 Mont. 396, 608 P.2d 97 (1980); In re Marriage of Harper, 1999 MT 321, 297 Mont. 290, 994 P.2d 1. In Herron, we clarified that if the non-acquiring spouse contributed to the maintenance of gifted property, he or she should then share in the appreciated value of the gift property, not the total value of the property. Herron, 186 Mont. at 405, 608 P.2d at 102; followed by In re Marriage of Engen, 1998 MT 153, ¶ 29, 289 Mont. 299, ¶ 29, 961 P.2d 738, ¶ 29 (“the nonacquiring spouse is entitled to an equitable share of the appreciated or preserved value which is attributable to his or her efforts”).
¶40 It is not apparent from the District Court’s findings how the payment of electric bills by Appellee translates into a twenty percent distribution of both the original value of the inherited property and its subsequent appreciation. The District Court awarded Appellee twenty percent of the cabin’s $110,000 value, or $22,000. The court did not explain why it apportioned a percentage from the current value of the inheritance rather than the amount it appreciated, nor did it explain how it arrived at the twenty percent figure. The findings do not mention the cabin’s original inheritance amount of $32,500 or reflect any effort to assess the portion of the cabin’s appreciation which is attributable to Appellee’s efforts. In support of its finding, the District Court simply notes that the cabin is titled in both parties names and Appellee paid a portion of the utilities and “some other expenses.” However, as we have previously held, the manner in which property is titled does not determine how gifted property should be distributed. Engen, 1998 MT 153, 289 Mont. 299, 961 P.2d 738. While we do not require a finding to be made on each and every matter, there must be sufficient findings for the statutory formula to be applied.
¶41 Though I acknowledge a district court must be granted wide latitude in dividing marital assets, I do not agree that a district court can do so by deciding issues without necessary findings and a basic application of governing legal principles. I do not believe that was done here with regard to Issues One and Three.